**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4717**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ERNEST ELI COOK, III,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. Catherine C. Eagles,
District Judge. (1:10-cr-00433-CCE-1)

Submitted: November 22, 2011       Decided: December 7, 2011

Before NIEMEYER, DAVIS, and KEENAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S.
Trivette, Assistant Federal Public Defender, Greensboro, North
Carolina, for Appellant. Anand P. Ramaswamy, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernest Eli Cook, III, appeals from his conviction and sentence of 204 months' imprisonment for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Cook challenges the district court's denial of his motion to suppress, claims that his conviction exceeds Congress's authority under the Commerce Clause, and asserts that he was wrongly sentenced as an armed career criminal.

Also pending before us is a joint motion to vacate Cook's sentence and remand for further proceedings in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The parties contend that Cook's three North Carolina convictions for breaking and entering into a residence, in violation of N.C. Gen. Stat. § 14-54(a) (2009), are not properly considered felonies under 18 U.S.C. § 924(e)(1) (2006), and, therefore, that Cook should not have been subject to § 924(e)(1)'s fifteen-year mandatory minimum or classification as an armed career criminal. For the reasons set forth below, we affirm the district court's denial of Cook's motion to suppress, affirm his conviction, grant the joint motion to vacate his sentence, and remand for resentencing.

First, we find that the district court did not err in denying Cook's motion to suppress because the search of his outgoing mail by jail officials did not violate the Fourth

2

Amendment. We have held that a prison official may constitutionally conduct a warrantless search of an inmate's outgoing mail so long as the search is "reasonably related to legitimate penological interests." Altizer v. Deeds, 191 F.3d 540, 547 (4th Cir. 1999) (internal quotation marks omitted). As the U.S. Supreme Court has often observed, the investigation and prevention of ongoing illegal inmate activity furthers the legitimate penological objectives of prison security and inmate rehabilitation. See Thornburgh v. Abbott, 490 U.S. 401, 411-12 (1989); Procunier v. Martinez, 416 U.S. 396, 412-13 (1974); see also United States v. Workman, 80 F.3d 688, 698-99 (2d Cir. 1996).

Here, jail officials' search of Cook's mail was part of an effort to prevent him from further secreting or trafficking in stolen goods. Because their actions were based on a reasonable belief that the correspondence in question contained information regarding such criminal activity, the search of Cook's mail was reasonably related to a legitimate penological interest and did not offend his Fourth Amendment rights.

Additionally, we find meritless Cook's claim that his conviction for violating 18 U.S.C. § 922(g)(1) exceeded Congress's authority under the Commerce Clause. As Cook concedes, we have previously held that 18 U.S.C. § 922(g)(1) is

a legitimate exercise of Congress's authority to regulate interstate commerce because the statute "expressly requires proof of a nexus with interstate commerce." United States v. Gallimore, 247 F.3d 134, 138 (4th Cir. 2001).

Finally, regarding the parties' joint motion to vacate Cook's sentence, we hold that, in light of our recent decision in Simmons and the record before us, Cook was improperly sentenced under 18 U.S.C. § 924(e)(1).[1] In Simmons, we overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), and determined that whether a particular offense was a "felony" must focus on the maximum sentence for which a particular defendant was eligible, in light of his criminal history, rather than the maximum sentence that could be imposed on a defendant with the worst possible criminal record. Simmons, 649 F.3d at 241-47.

Here, Cook's sentencing under 18 U.S.C. § 924(e)(1) was predicated on his three previous North Carolina convictions for felony breaking and entering into a residence and one North Carolina conviction for felony robbery with a dangerous weapon. The North Carolina judgments included in the record before us indicate that at least two of Cook's three convictions for breaking and entering were Class H felonies, and that he had a

---

[1] We of course do not fault the district court for its reliance upon, and application of, unambiguous circuit authority at the time of Cook's conviction and sentencing.

Prior Record Level ("PRL") of I at the time of each conviction.[2] Under North Carolina's structured sentencing law, no person with a conviction for a Class H offense and a PRL of I could receive more than ten months' imprisonment. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2007) (applicable to offenses committed on or after December 1, 1995, and on or before November 30, 2009). Therefore, at least two of Cook's breaking and entering convictions do not qualify as a "felony" under § 924(e)(1). See 18 U.S.C. § 924(e)(2)(B). Consequently, we find that Cook lacks the three violent or drug related felony convictions necessary to trigger sentencing under 18 U.S.C. § 924(e)(1).

Accordingly, we grant the parties' joint motion to vacate Cook's sentence and remand for further proceedings consistent with Simmons. By this disposition, however, we express no opinion as to whether Cook's third North Carolina conviction for breaking and entering properly qualifies as a felony for the purposes of determining Cook's sentence, leaving that determination in the first instance to the district court.

Therefore, we affirm the district court's denial of Cook's motion to suppress, affirm his conviction, vacate his

---

[2] Cook claims that his third conviction for breaking and entering was also a Class H felony and that he was sentenced based on a PRL of I, but we cannot verify this assertion as a copy of the relevant judgment is not included in the record on appeal.

sentence, and remand to the district court for resentencing consistent with Simmons. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED